UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

GUSTAVO MOREL,

 *Plaintiff,*

 *v.*          Case No: 3:26-cv-523

JEFFREY HILL, ROLLY WAGAS, &
CODY DIGRE,

 *Defendants.*

---

## COMPLAINT

---

Plaintiff Gustavo Morel, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants Jeffrey Hill, Rolly Wagas, and Cody Digre, states:

### INTRODUCTION

1. This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Gustavo Morel's constitutional right to be free from unreasonable search in violation of the Fourth Amendment of the United States Constitution.

2. On June 14, 2023, Gustavo Morel was driving a truck when he was pulled over by Wisconsin State Patrol Troopers because he was distracted by his phone.

3. During the traffic stop, Wisconsin State Patrol Inspector Jeffrey Hill searched Gustavo Morel's person by reaching his hands into the pockets of Morel's pants without consent or any valid exception to the warrant requirement.

4. While Inspector Hill was talking with Gustavo Morel, Wisconsin State Patrol Troopers Rolly Wagas and Cody Digre searched inside of Morel's backpack.

## JURISDICTION AND VENUE

5. This action alleges federal claims pursuant to 42 U.S.C. § 1983.

6. This Court has jurisdiction over federal claims in this case pursuant to 28 U.S.C. § 1331.

7. The events giving rise to the claims asserted in this complaint occurred within this judicial district.

8. Venue within this judicial district is thus proper under 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff Morel was a resident of the State of Wisconsin, County of Dane.

10. Defendant Jeffrey Hill was, at all times relevant to the conduct complained of in this action, a sworn law enforcement officer employed as an inspector with the Wisconsin State Patrol.

11. At all times relevant to the conduct complained of in this action, Defendant Hill was acting under color of state and local law.

12. At all times relevant to the conduct complained of in this action, Defendant Hill was acting within the scope of his employment with the Wisconsin State Patrol.

13. Defendant Rolly Wagas was, at all times relevant to the conduct complained of in this action, a sworn law enforcement officer employed as a trooper with the Wisconsin State Patrol.

14. At all times relevant to the conduct complained of in this action, Defendant Wagas was acting under color of state and local law.

15. At all times relevant to the conduct complained of in this action, Defendant Wagas was acting within the scope of his employment with the Wisconsin State Patrol.

16. Defendant Cody Digre was, at all times relevant to the conduct complained of in this action, a sworn law enforcement officer employed as a trooper with the Wisconsin State Patrol.

17. At all times relevant to the conduct complained of in this action, Defendant Digre was acting under color of state and local law.

18. At all times relevant to the conduct complained of in this action, Defendant Digre was acting within the scope of his employment with the Wisconsin State Patrol.

## FACTS

19. On June 14, 2023, Morel was driving a large moving truck returning to Wisconsin after moving furniture from Wisconsin to Minnesota.

20. The truck was pulled over because Wisconsin State Trooper Hill noticed the truck was deviating in its lane, and when Hill pulled up alongside the truck, the trooper saw that the driver was looking at his phone.

21. The trooper approached the driver and, after noticing a prescription pill bottle near him, asked the driver to conduct field sobriety tests.

22. The pill bottle turned out to be a valid prescription for antibiotics, and the driver of the car was later determined to not be under the influence of anything more than his phone.

23. Hill asked Morel to exit the vehicle for additional investigation and questioning.

24. Morel exited the moving truck with his backpack over his shoulder and walked back toward Hill's squad car.

25. Hill instructed Morel to remove his backpack and place it on the hood of Hill's squad car.

26. Backup arrived on scene, including Defendants Trooper Wagas and Digre.

27. While Hill investigated Morel and had him perform field sobriety tests, troopers walked a canine around the moving truck.

28. The troopers said the dog alerted.

29. The troopers searched the truck based on the K-9 alert but found nothing illegal.

30. There was nothing about Morel's appearance or behavior that would have led anyone to believe he was armed or dangerous.

31. While Hill investigated Morel and had him perform field sobriety tests, Wagas and Digre opened Morel's backpack that was sitting on the hood of Hill's squad car.

32. Wagas and Digre proceeded to look inside and search through Morel's backpack, including removing items from the backpack.

33. The troopers found nothing illegal inside Morel's backpack.

34. Neither Wagas nor Digre had a warrant to search Morel's backpack.

35. Morel did not consent to Wagas or Digre searching his backpack.

36.     Hill completed his field sobriety tests, concluding that Morel was not under the influence.

37.     Hill then performed a full-blown search of Morel.

38.     Hill reached into Morel's pockets and rooted around without pausing to run his hands across Morel's outer-clothing first.

39.     Morell did not consent to Hill searching him.

40.     The search of the truck revealed nothing.

41.     The search of Morel's backpack revealed nothing.

42.     The search of Morel's pockets revealed nothing.

43.     Morel was never arrested.

44.     Morel was given a ticket for distracted driving, and allowed to drive away in his truck.

## COUNT 1:
## 42 U.S.C. § 1983 Claim for Unlawful Search of Person

45.     Plaintiff realleges the above paragraphs.

46.     Defendant Hill searched Morel by putting his hands in Morel's pants pockets. The search was unlawful because Morel did not consent, Hill did not obtain a warrant, and there was no reason to believe Morel was involved in a crime, was dangerous, or was armed.

47.     The intentional actions of Defendant Hill in searching Morel without a warrant, consent, reasonable suspicion, or probable cause violated his Fourth Amendment right to be free from unreasonable searches.

48. Defendant Hill acted recklessly and with callous indifference to the federally protected rights of Plaintiff.

49. As a direct and proximate result of Defendant Hill's unlawful actions, Morel suffered damages from loss of liberty, humiliation, and invasion of privacy.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Hill and because he acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 2:
## 42 U.S.C. § 1983 Claim for Unlawful Search of Bag

50. Plaintiff realleges the above paragraphs.

51. Defendants Wagas and Digre searched inside Morel's backpack while Morel was being questioned by Hill. The search was unlawful because Morel did not consent, neither Wagas nor Digre obtained a warrant, and there was no reason to believe Morel was involved in a crime, was dangerous, or was armed.

52. The intentional actions of Defendants Wagas and Digre in searching Morel's backpack without a warrant, consent, reasonable suspicion, or probable cause violated his Fourth Amendment right to be free from unreasonable searches.

53. Defendants Wagas and Digre acted recklessly and with callous indifference to the federally protected rights of Plaintiff.

54. As a direct and proximate result of Defendants Wagas and Digre's unlawful actions, Morel suffered damages including mental distress, humiliation, and invasion of privacy.

6

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Wagas and Digre and because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 5 June 2026,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
Jacob M. Stroup
  Wisconsin Bar No. 1089159
Jacob A. Idlas
  Wisconsin Bar No. 1078457
Strang Bradley, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Jacob@StrangBradley.com
Jack@StrangBradley.com

7